IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RICHARD L. BABER, JR.,** ) | |
| Petitioner, ) | Civil Action No. 7:22cv00134 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **HAROLD W. CLARKE,** ) | By:  Pamela Meade Sargent |
| Respondent. ) | United States Magistrate Judge |
| ) | |

Petitioner Richard L. Baber, Jr. ("Baber"), a Virginia inmate proceeding *pro se*, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is before the undersigned magistrate judge upon consent of the parties pursuant to 28 U.S.C. § 636(c)(1). The case is now before the court on Respondent's Motion To Dismiss, (Docket Item No. 11) ("Motion"), and Baber's response, (Docket Item No. 19) ("Response"). For the reasons discussed below, I will grant the motion to dismiss Baber's petition as time barred.

I.

Baber is detained pursuant to a final judgment of the Augusta County Circuit Court, dated March 5, 2020. Baber pled guilty to two counts of proposing a sex act to a minor via a communication system, in violation of Virginia Code § 18.2-374.3, and one count of enticing a minor to perform in pornography, in violation of Virginia Code § 18.2-374.1(B)(1). He did not appeal his conviction, nor did he file a state petition for habeas corpus relief. On March 5, 2022, Baber signed his § 2254 petition, which the court received on March 10, 2022. The petition alleges:

1. Baber was unable to appeal his conviction because his attorney refused to return his phone calls or respond to other communication from Baber and his family; and

    2. His conviction was procured through improper procedures, including impersonating a police officer, illegal search and seizure and invalid search warrants.

*II.*

Under the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), a federal habeas petitioner must file his petition within one year from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Unless a petitioner asserts facts supporting an alternative starting date, the section courts rely upon is (A), within one year from the date the judgment became final. In this case, the judgment order was entered March 5, 2020; the order became final when the time for filing an appeal expired without any appeal being filed. Baber had 30 days to appeal to the Court of Appeals of Virginia. *See* VA. S. CT. R. 5A:6. Thirty days from March 5, 2020, expired on Saturday, April 4, 2020,

extending the time to April 6, 2020.  On April 6, 2020, the judgment became final, and the one-year statute of limitations began to run.  If none of the other subsections justifies a later start date, then Baber had until April 6, 2021, to file his § 2254 petition in this court.  Therefore, March 2022 was 11 months too late.

Baber alleges that subsections (B) and/or (D) render his petition timely.  He misunderstands those subsections.  Baber claims that transportation between facilities, lockdowns, lack of library access and inability to reach his attorney constituted "impediments" to his filing.  None of those difficulties constitute an *illegal* or *unconstitutional* impediment created by the state.  Transportation, classification, lockdowns, and restricted housing are necessary and normal aspects of institutional management; although these activities may cause minor delays and make filing claims more difficult, they did not impede Baber's ability to file pleadings with the federal court, as Baber filed a § 1983 claim in November 2020, (Case No. 7:20cv00700), seeking the relief he now seeks in his habeas petition. *See Lewis v. Casey*, 518 U.S. 343, 361–62 (1996).

Likewise, Baber has not alleged late discovery of *facts* supporting his claim; he alleges only that he did not learn of his right to file a habeas corpus petition for ineffective assistance of counsel until September 2021. Subsection (D) delays the beginning of the statute of limitations until "the factual predicate … could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual basis for Baber's claims—that his attorney did not file his appeal, that his items were unconstitutionally searched—were known to Baber.  This is not the same as understanding the legal theories available for addressing his claims. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Even if ignorance of the law could delay the statute of limitations, which it cannot, Baber could have discovered the proper avenue for pursuing his claims no later than December 2020, when the magistrate judge issued an Order in Baber's § 1983 suit, advising that "if Baber is intending to challenge the validity of his conviction or sentence, he must do so in a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254." Order at *2, *Baber v. McNorton*, No. 7:20cv00700 (W.D. Va. filed Dec. 21, 2020) Docket Item No. 6.  That Order even advised Baber that he could request the proper form from the court.  Had he diligently exercised his rights, he could have still filed his petition timely.

Baber has not argued equitable tolling of the statute, and no grounds for equitable tolling appear from the record.  Baber does assert that he is "actually innocent" of the offense, but actual innocence alone has not been recognized as grounds for habeas relief.  *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  Rather, reliable new evidence of actual innocence can open a gateway for the federal court to consider a defaulted or time-barred constitutional challenge.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Baber has not offered any new evidence of innocence.  His claim that he was forced to plead guilty by his attorney is something he has known since the day he went to court.  Further, his claim contradicts the written plea agreement that he signed, under oath, in court.

III.

Baber did not file his petition within the time required by law, nor has he established any basis for tolling.  Accordingly, I will grant the respondent's motion to dismiss, and will dismiss the petition.

I decline to issue a certificate of appealability because Baber has not made a substantial showing of the denial of a constitutional right.

An appropriate order will be entered.

ENTERED:  February 22, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE